J-S38009-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BRANDON NATHANIEL N. MOODY | : | |
| | : | |
| Appellant | : | No. 2184 EDA 2018 |

Appeal from the PCRA Order Entered June 13, 2018
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0006659-2007

BEFORE: OTT, J., DUBOW, J., and COLINS*, J.

MEMORANDUM BY OTT, J.:                          **FILED AUGUST 19, 2019**

Brandon Nathaniel N. Moody appeals, *pro se*, from the order entered June 13, 2018, in the Court of Common Pleas of Philadelphia County, that dismissed, without a hearing, his first petition filed pursuant to the Post Conviction Relief Act (PCRA).[1] Moody seeks relief from the judgment of sentence of life, imposed upon his conviction of murder in the first degree, criminal conspiracy, and possession of an instrument of crime (PIC).[2] On appeal, Moody claims that the PCRA court erred in: (1) dismissing his petition

---

* Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S.A. §§ 9541-9546.

[2] 18 Pa.C.S.A. §§ 2502(a), 903, and 907, respectively.

without holding an evidentiary hearing; (2) conducting a **Grazier** hearing[3] instead of an "irreconcilable differences" hearing; (3) not giving him the opportunity to amend his PCRA petition; and (4) adopting counsel's no-merit letter.[4]  Moody's Brief, at 4-5.  Moody also contends that PCRA counsel was ineffective for filing a defective no-merit letter and failing to file an amended PCRA petition.  **Id.** at 5.  Based upon the following, we affirm.

This Court previously described the facts and procedural history of this matter as follows:

> The trial court opinion sets forth the relevant facts of this case as follows:

>> On July 2, 2006, at 2:16 A.M., Philadelphia police officers responded to a radio report of a shooting at 4052 N. 8th Street in North Philadelphia.  The officers arriving at the scene saw a crowd gathered outside the Latin Club, a bar and dance club.  Across the street from the Latin Club the officers found a man with a single gunshot wound to the head, still alive and lying in the street.  A medic drove the man, a young Hispanic male later identified as Israel Rivera, to Temple University Hospital where he subsequently died.  A ballistics expert, Mr. Lay, testified that the crime scene was consistent with the victim being shot from behind, based on the location of the decedent's blood and the bullet casing in relation to the location of the decedent's body.

>> At trial, the victim's friend, Edwardo Figueroa testified that he was the decedent's best friend and went with him to the Latin Club the night the shooting occurred.  Mr. Figueroa was in line to enter the club when he

---

[3] **See Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998).

[4] For ease of disposition, we have reordered the issues in Moody's brief.

- 2 -

observed the decedent engaged in a verbal altercation with [[Moody] and his co-defendant, Eddie] Colon, who were in the back of the line. Mr. Figueroa intervened in the altercation, at which point [[Moody] and Mr. Colon] walked away from the club. Mr. Figueroa recognized Mr. Colon from their Hunting Park neighborhood.

At this point the decedent told Mr. Figueroa he did not want to enter the Latin Club and the two men walked away from the club. Soon thereafter, Mr. Figueroa heard the sound of footsteps running towards him and the decedent. Mr. Figueroa then saw Colon run up to and grab the decedent in a bear hug from behind and heard him say, "You're not going anywhere, Poppy." After Colon grabbed the decedent, Mr. Figueroa saw [Moody] reach over Colon into the back of the victim's head. Mr. Figueroa stood a few feet away as the decedent's body went limp and. . .Colon let him fall to the ground. After shooting the decedent Mr. Figueroa heard [Moody] say, "[d]one deal" before he and Colon fled the area.

Mr. Figueroa also fled the scene out of fear [[Moody] and Mr. Colon] might try to shoot him. He ran to a friend's house where he called 911 to report the shooting. Mr. Figueroa then went to Temple Hospital after learning the decedent had been taken there, and upon his arrival identified himself as a witness to the police who then took his statement.

A warrant was issued for [Moody's] arrest. He turned himself into police approximately seven months from the date of the shooting.

(Trial Court Opinion, filed February 1, 2010, at 2-3) (internal citations omitted). On May 23, 2008, a jury convicted [Moody] of first degree murder, criminal conspiracy, and PIC. On July 9, 2008, the court imposed an aggregate sentence of life imprisonment. On July 23, 2008, [Moody] timely filed a *pro se* notice of appeal. On May 7, 2009, [Moody] filed a motion with this Court to proceed *pro se*, and on June 9, 2009, this Court ordered the trial court to conduct a hearing pursuant to [***Grazier***, ***supra***]. On July 1, 2009, the court conducted a ***Grazier*** hearing,

and on the same date, the court determined [Moody] had made a knowing, intelligent, and voluntary waiver of counsel, and permitted [him] to proceed *pro se*. On June 12, 2009, the court ordered [Moody] to file a concise statement of matters complained of on appeal, pursuant to Pa.R.A.P. 1925(b), which he filed on September 16, 2009.

*Commonwealth v. Moody*, No. 2279 EDA 2008, at 1-3 (Pa. Super. Feb. 10, 2011) (unpublished memorandum) (footnote omitted).

On February 10, 2011, this Court affirmed the judgment of sentence. *Commonwealth v. Moody*, 24 A.3d 449 (Pa. Super. 2011). On November 14, 2011, the Pennsylvania Supreme Court denied leave to appeal. *Commonwealth v. Moody*, 34 A.3d 828 (Pa. 2011).

On October 26, 2012, Moody timely filed a *pro se* PCRA petition, which raised five issues.[5] The PCRA court subsequently appointed counsel. On July 21, 2014, despite being represented by counsel, Moody, acting *pro se*, filed an amended PCRA petition.[6] On October 20, 2014, counsel moved to

---

[5] PCRA counsel split Moody's first claims of ineffective assistance of counsel into to two issues. *See* Petition for Post-Conviction Collateral Relief, 10/26/2012, at 3-8; *Turner*/*Finley* Letter, 10/20/14, at unnumbered page 2.

[6] This petition included the issues raised in Moody's original PCRA petition as well as three additional claims regarding the alleged ineffectiveness of trial counsel. Amended Petition for Post-Conviction Collateral Relief, 7/21/2014, at 3-10.

withdraw.[7] On October 31, 2014, Moody filed an application for leave to file a second amended PCRA petition and for appointment of new counsel.[8]

On May 18, 2015, the PCRA court held a *Grazier* hearing. At the conclusion of the hearing, the court granted counsel's request to withdraw and permitted Moody to proceed *pro se*. On May 19, 2015, the PCRA court issued a Pa.R.Crim.P. 907 notice of intent to dismiss the PCRA petition without a hearing. Moody filed a *pro se* response on June 5, 2015, which raised a series of challenges to PCRA counsel's effectiveness and to the manner in which the PCRA court handled his petition. On November 30, 2015, the PCRA court directed former counsel to file a response to the claims raised in Moody's response to the Rule 907 notice. On January 4, 2016, counsel filed a second *Turner*/*Finley* letter in which he discussed all of the objections Moody raised in his response to the Rule 907 notice as well as the claims raised in the hybrid

---

[7] *See Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

[8] Moody did not attach a proposed amended PCRA petition to the motion. The motion is a litany of complaints against PCRA counsel, justifications of the merits of the claims Moody raised in his PCRA petition, and a large number of attachments. Application to File Amended [PCRA Petition] and Appointment of New Counsel, 10/31/2014, at 1-7 and Appendix.

first amended PCRA petition.[9] The PCRA court ultimately dismissed the petition on June 13, 2018. The instant, timely appeal followed.[10]

Moody appeals from the denial of his PCRA petition. Our standard of review is settled. We review the denial of a post-conviction petition to determine whether the record supports the PCRA court's findings and whether its order is otherwise free of legal error. *See Commonwealth v. Faulk*, 21 A.3d 1196, 1199 (Pa. Super. 2011). To be eligible for relief pursuant to the PCRA, Moody must establish, *inter alia*, that his conviction or sentence resulted from one or more of the enumerated errors or defects found in 42 Pa.C.S.A. § 9543(a)(2). *See* 42 Pa.C.S.A. § 9543(a)(2). He must also establish that the issues raised in the PCRA petition have not been previously litigated or waived. *See* 42 Pa.C.S.A. § 9543(a)(3). An allegation of error "is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding." 42 Pa.C.S.A. § 9544(b). Further,

> . . . a PCRA petitioner is not automatically entitled to an evidentiary hearing. We review the PCRA court's decision dismissing a petition without a hearing for an abuse of discretion.

---

[9] The PCRA court does not explain, nor does the certified record reflect, the reason for the lengthy delay between the response to the Rule 907 notice and the dismissal of the petition.

[10] The PCRA court did not order Moody to file a concise statement of errors complained of on appeal. On August 20, 2018, the PCRA court issued an opinion.

[T]he right to an evidentiary hearing on a post-conviction petition is not absolute. It is within the PCRA court's discretion to decline to hold a hearing if the petitioner's claim is patently frivolous and has no support either in the record or other evidence. It is the responsibility of the reviewing court on appeal to examine each issue raised in the PCRA petition in light of the record certified before it in order to determine if the PCRA court erred in its determination that there were no genuine issues of material fact in controversy and in denying relief without conducting an evidentiary hearing.

*Commonwealth v. Miller*, 102 A.3d 988, 992 (Pa. Super. 2014) (citations omitted).

In his first issue, Moody claims that the PCRA Court erred in dismissing his petition without a hearing because he attached witness certifications to the petition. Moody's Brief, at 17-20. However, Moody based this claim upon a misinterpretation of 42 Pa.C.S.A. 9545(d)(1) and the Pennsylvania Supreme Court's *per curiam* decision in *Commonwealth v. Robinson*, 947 A.2d 710 (Pa. 2008). *Id.*

42 Pa.C.S.A. § 9545 provides in pertinent part:

**(d) Evidentiary hearing.--**

(1) The following apply:

(i) Where a petitioner requests an evidentiary hearing, the petition shall include a certification signed by each intended witness stating the witness's name, address, date of birth and substance of testimony and shall include any documents material to that witness's testimony.

* * * *

- 7 -

(iii) Failure to substantially comply with the requirements of this paragraph shall render the proposed witness's testimony inadmissible.

42 Pa.C.S.A. § 9545(d)(1)(i) and (iii).

Moody appears to believe that because he attached witness certifications to his PCRA petition he is automatically entitled to a hearing under Section 9545. Moody's Brief, at 18. However, this section of the statute does not state that the inclusion of witness certifications mandates an evidentiary hearing; rather it states that if a PCRA petitioner wants to have witnesses testify at an evidentiary hearing, he must include witness certifications with his request for a hearing.

Moreover, Moody's reliance on **Robinson**, **supra**, is equally misplaced. In **Robinson**, unlike in the instant matter, the PCRA court did not decide the case on the merits, but rather dismissed the petition solely on procedural grounds. **Robinson**, **supra** at 711. Our Supreme Court held that the PCRA court's finding that the appellant had not included witness certifications with his request for a hearing was mistaken. **Id.** Therefore, because the PCRA court had never decided the petition on the merits, and because it had based its procedural decision on a misreading of the record, the Supreme Court remanded for an evidentiary hearing. **Id.**

Here, the PCRA court did not dismiss the petition because Moody did not include witness certification but rather dismissed it on the merits. **See** PCRA Court Opinion, 8/20/2018, at 4-17. Thus, because the PCRA court found that

Moody's petition lacked merit, it acted within its discretion to dismiss the PCRA petition without a hearing. *Miller*, *supra* at 992. Moody is not entitled to relief on his first issue.

In his second issue, Moody contends that the PCRA court erred in conducting a *Grazier* hearing rather than an "irreconcilable differences hearing" in response to his motion seeking appointment of new counsel. Moody's Brief, at 26-31. While Moody attempts to phrase this claim as a contention that he did not receive proper notice of the *Grazier* hearing, the essence of his claim is that, he did not want to proceed *pro se* but wanted the PCRA court to appoint new counsel once prior counsel sought leave to withdraw. *See id.*

There is no constitutional right to counsel in PCRA proceedings. *See Commonwealth v. Wells*, 719 A.2d 731 n.3 (Pa. 1998). Rather, the right to counsel arises under Pennsylvania Rule of Criminal Procedure 904(c). Once appointed, counsel is required to independently review the record and if "in the exercise of his professional judgment, counsel determines that the issues raised under the [PCRA] are meritless, and when the [PCRA] court concurs, counsel will be permitted to withdraw and the petitioner may proceed *pro se*, or by privately retained counsel, or not at all." *Turner*, *supra* at 928-929.

In the instant matter, appointed counsel made such a determination and the PCRA court concurred. Thus, Moody was not entitled to appointment of new counsel. *Id.* His only choices were to retain private counsel, proceed *pro*

*se*, or elect not to further proceed. ***Id.*** In an overabundance of caution, the PCRA court chose to hold a ***Grazier*** hearing to ascertain that Moody understood his options. Moody is not entitled to relief on this claim.

In his third issue, Moody contends that the PCRA court erred in not permitting him to amend his PCRA petition. Moody's Brief, at 21-26. We disagree.

Moody filed his first attempt at an amended PCRA petition in July 2014, while still represented by counsel. Under Pennsylvania law there is no right to hybrid representation either at trial or on the appellate level. ***See Commonwealth v. Padilla***, 80 A.3d 1238, 1259 (Pa. 2013), *cert. denied*, 573 U.S. 907 (2014). Thus, the amended PCRA petition filed by Moody in July 2014 was a legal nullity and the PCRA court acted properly in not addressing it. ***Commonwealth v. Williams***, 151 A.3d 621, 623 (Pa. Super. 2016) (citations omitted); ***see also Commonwealth v. Jette***, 23 A.3d 1032, 1044 (Pa. 2011).

Moreover, with respect to Moody's contention that the PCRA court erred in not allowing his second amended PCRA petition, we find that the record belies this contention. Firstly, we note that the motion for leave to amend did not have a proposed second amended PCRA petition attached, as noted above, it was merely a litany of complaints. While the record reflects that, the PCRA court did not formally grant Moody's motion for leave to amend his PCRA petition; it implicitly accepted it. ***See Commonwealth v. Roney***, 79 A.3d

595, 615–616 (Pa. 2013) (noting where PCRA court did not "address or. . . delineate" claims raised in an amended PCRA petition, it did not "implicitly or explicitly accept" them), *cert. denied*, **Roney v. Pennsylvania**, 135 S.Ct. 56 (2014). Here, the court ordered prior counsel to evaluate Moody's response to the Rule 907 notice. Counsel did a thorough evaluation of the merits of both the claims raised in the response to the Rule 907 notice and those raised in the first amended PCRA petition, **see Turner/Finley** Letter, 1/04/2016, at 1-11. The PCRA court addressed the claims raised in the response to the Rule 907 notice in its Rule 1925(a) opinion. PCRA Ct. Op., at 13-17. Thus, Moody's third issue does not merit relief.

In his fourth issue, Moody contends that the PCRA court issued an improper Rule 907 notice when it merely adopted PCRA counsel's merit analysis and did not include an independent discussion of Moody's issues in the notice. Moody's Brief, at 34-41. We disagree.

Pennsylvania Rule of Criminal Procedure 907 states, in pertinent part:

> the judge shall promptly review the petition, any answer by the attorney for the Commonwealth, and other matters of record relating to the defendant's claim(s). If the judge is satisfied from this review that there are no genuine issues concerning any material fact and that the defendant is not entitled to post-conviction collateral relief, and no purpose would be served by any further proceedings, the judge shall give notice to the parties of the intention to dismiss the petition and shall state in the notice the reasons for the dismissal. The defendant may respond to the proposed dismissal within 20 days of the date of the notice. The judge thereafter shall order the petition dismissed, grant leave to file an amended petition, or direct that the proceedings continue.

Pa.R.Crim.P. 907(1).

- 11 -

The PCRA court issued such a notice and indicated that it was proposing to dismiss the petition based upon the reasoning in counsel's ***Turner*/*Finley*** letter, which it attached. Notice Pursuant to Pennsylvania Rule of Criminal Procedure 907, 5/19/2015. There is nothing in the text of Rule 907 that prohibits a PCRA court from relying on a ***Turner*/*Finley*** letter or requiring it to undertake an independent analysis of the issues in the notice. ***See*** Pa.R.Crim.P. 907.

Moreover, Moody's reliance on ***Commonwealth v. Glover***, 738 A.2d 460 (Pa. Super. 1999) is misplaced. In ***Glover***, the PCRA court did not draft an independent 1925(a) opinion, and, instead, relied upon what this Court found to be a defective ***Turner*/*Finley*** letter. ***Id.*** at 464-466. We held that this was error, stating that a PCRA court must draft a full opinion. ***Id.*** at 466. In ***Commonwealth v. Rykard***, 55 A.3d 1177 (Pa. Super. 2012), *appeal denied*, 64 A.3d 631 (Pa. 2013), this Court specifically declined to extend the holding in ***Glover*** to Rule 907 notices. ***Rykard***, ***supra*** at 1186.

Here, the trial court alerted Moody in its Rule 907 notice as to the reasons why it was proposing to dismiss his petition without a hearing. It then drafted a full and independent Rule 1925(a) opinion explaining the basis for its decision. That is all that is required. ***See id.*** Moody's fourth issue does not merit relief.

In his fifth and sixth issues, Moody claims that he received ineffective assistance of PCRA counsel.[11] Specifically, Moody avers that counsel filed a defective ***Turner***/***Finley*** letter because he failed to "conduct any meaningful consultation or communication with [Moody] or his material witness family." Moody's Brief at 41; ***see id.*** at 41-47. Moody also maintains that counsel was ineffective for failing to file an amended PCRA petition when his PCRA petition and first amended PCRA petition contained meritorious claims. ***Id.*** at 47-74. We disagree.

> Our standard of review is as follows:
>
> The law presumes counsel has rendered effective assistance. When asserting a claim of ineffective assistance of counsel, the petitioner is required to demonstrate that: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable strategic basis for his action or inaction; and, (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different. The failure to satisfy any prong of the test for ineffectiveness will cause the claim to fail.
>
> The threshold inquiry in ineffectiveness claims is whether the issue/argument/tactic which counsel has foregone and which forms the basis for the assertion of ineffectiveness is of arguable merit. . . . Counsel cannot be found ineffective for failing to pursue a baseless or meritless claim.

***Commonwealth v. Bickerstaff***, 204 A.3d 988, 992 (Pa. Super. 2019).

---

[11] Moody properly preserved his claims of ineffective assistance of PCRA counsel by raising them in his response to the Rule 907 notice. ***See Commonwealth v. Pitts***, 981 A.2d 875, 879 n.3 (Pa. 2009).

In **Commonwealth v. Merritt**, 827 A.2d 485, 487 (Pa. Super. 2003), this Court reiterated the level of review necessary to secure permission to withdraw from representation pursuant to **Turner**, **supra** and **Finley**, **supra**. The **Merritt** Court stated that the PCRA court's determination is subject to appellate scrutiny to assure that it adhered to the following constraints:

> 1. PCRA counsel, in a "no-merit" letter, has detailed the nature and the extent of his review;
>
> 2. PCRA counsel, in the "no-merit" letter, lists each issue the petitioner wishes to have reviewed;
>
> 3. PCRA counsel must explain, in the "no-merit" letter, why petitioner's issues are meritless;
>
> 4. The PCRA court must conduct its own independent review of the record; and
>
> 5. The PCRA court must agree with counsel that the petition is meritless.
>
> The PCRA Court's decision is then subject to appellate scrutiny to assure that these constraints have been followed.

**Id.** at 487 (citation omitted). "Counsel must also send to the petitioner: (1) a copy of the 'no-merit' letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel." **Commonwealth v. Wrecks**, 931 A.2d 717, 721 (Pa. Super. 2007) (citation omitted). Substantial compliance with these requirements is sufficient. **See Commonwealth v. Widgins**, 29 A.3d 816, 819 (Pa. Super. 2011).

The PCRA court specifically stated in its 1925(a) opinion that "counsel complied with each of these requirements. He corresponded with [Moody], reviewed the record and each of the issues [Moody] claimed in his initial PCRA petition entitled him to relief, and adequately explained why the issues [Moody] raised did not entitle him to PCRA relief." PCRA Ct. Op, at 17 (footnote omitted).

PCRA counsel filed a motion to withdraw as counsel with the PCRA court. He stated that he corresponded with Moody[12] and reviewed Moody's case file and notes of testimony. **See Turner/Finley** Letter, 10/20/14, at unnumbered page 1. Counsel also listed all the claims Moody raised in his PCRA petition. **See id.** at unnumbered page 2. He then engaged in a thorough analysis of those claims. **See id.** at unnumbered pages 2-5. Counsel attached a copy of the letter he sent to Moody, which notified Moody of his request to withdraw and provided an explanation of Moody's right to proceed *pro se* or with private

---

[12] Moody does not contend that he was unable to correspond with counsel but that counsel's failure to obtain a Department of Corrections "control number" meant that the correspondence between them would be opened by prison officials, and that made Moody reluctant to share sensitive information with him. Moody's Brief, at 44-45. Moody fails to point to any legal support for a claim that counsel is required to obtain a "control number." He does not allege that he did not receive any of counsel's correspondence. Moreover, any restrictions on his communication with counsel were self-imposed and had nothing to do with counsel's effectiveness. We decline to impose any requirement that PCRA counsel must obtain a "control number" in order to be effective.

counsel. Counsel undertook the same thorough review of Moody's additional claims in his second *Turner*/*Finley* letter. *See Turner*/*Finley* Letter, 1/04/2016, at 1-11. Thus, PCRA counsel substantially complied with the *Turner*/*Finley* requirements. *See Merritt*, *supra* at 487. Moody's fifth claim does not merit relief.[13] *See Widgins*, *supra* at 819.

Moody next claims that PCRA counsel was ineffective for failing to file an amended PCRA petition because his original PCRA petition and his first amended PCRA petition contained meritorious claims. We disagree.

Our review of the record demonstrates that in his first *Turner*/*Finley* letter, counsel reviewed all of the issues Moody sought to raise and clearly explained why Moody had either waived them because they had been previously litigated on direct appeal, or, as to the remaining claims, why they lacked merit. *See Turner*/*Finley* Letter, 10/20/2014, at unnumbered pages 1-5. In his second *Turner*/*Finley* letter, counsel did the same for all of the additional claims in both the response to the Rule 907 notice and the first amended PCRA petition. *See Turner*/*Finley* letter, 1/04/16, at 1-11. In its

_____

[13] Moody complains that counsel failed to contact his family members. However, Moody does not explain why counsel needed to contact his family or how the failure to do so prejudiced him. Thus, Moody fails to set forth the ineffectiveness analysis required by *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Because he did not establish any of the three prongs, we must deem counsel's assistance constitutionally effective. *See Commonwealth v. Rolan*, 964 A.2d 398, 406 (Pa. Super. 2008) (holding where appellant fails to address three prongs of ineffectiveness test, he does not meet his burden of proving ineffective assistance of counsel, and counsel is deemed constitutionally effective).

Rule 1925(a) opinion, the PCRA court also discussed why Moody had waived certain of his claims or why they lacked merit. PCRA Ct. Op., at 4-18. We have thoroughly reviewed the trial record, this Court's opinion on direct appeal, and the PCRA court's opinion; the record supports PCRA counsel's analysis that either Moody had waived his claims or they lacked merit. We will not find PCRA counsel ineffective for failing to pursue claims that are lacking in merit or failing to file an amended PCRA petition based on those claims. **See Bickerstaff**, **supra** at 992. Moody's final claim does not merit relief.

As Moody's claims are meritless, we affirm the denial of his PCRA petition without an evidentiary hearing.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/19/19

- 17 -