J-S32029-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| BRIAN WATKINS | : | |
| | : | |
| Appellant | : | No. 2486 EDA 2019 |

Appeal from the Order Entered August 1, 2019
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0003589-2014

BEFORE:   KUNSELMAN, J., KING, J., and COLINS, J.[*]

MEMORANDUM BY KING, J.:                **FILED SEPTEMBER 09, 2020**

Appellant, Brian Watkins, appeals from the order entered in the Philadelphia County Court of Common Pleas, which denied his first petition filed under the Post Conviction Relief Act ("PCRA") at 42 Pa.C.S.A. §§ 9541-9546.   For the following reasons, we vacate and remand for further proceedings.

In its opinion, the PCRA court sets forth the relevant facts and procedural history of this case as follows:

> On February 14, 2014, Officers Ladarza and Tritz…were on patrol in the area of 6200 Vine Street, located in the City and County of Philadelphia, Pennsylvania.   The officers observed a blue Chevrolet Malibu traveling from 300 Horton Street and turn westbound onto Vine Street without using its turn signal, in violation of 75 Pa.C.S.A. § 3334(b).   Officer Tritz, while operating a full-marked police vehicle,

_____

[*] Retired Senior Judge assigned to the Superior Court.

conducted a U-turn with the purpose of conducting a traffic stop on the Chevrolet Malibu. After activating the patrol vehicle's overhead emergency lights, the Chevrolet Malibu pulled over without incident in [the] 5700 block of West Girard Avenue.

Upon stopping the Malibu, the officers exited their vehicle…to make contact with the Malibu's driver. Appellant was identified as the Malibu's driver and had two children in the rear seats. As Officer Ladarza reached the Malibu's passenger window, he observed the rear sight and bottom handle of a firearm in plain view under the passenger seat's floor mat. Officer Ladarza signaled to his partner there was a firearm and Officer Tritz removed the driver. Appellant was detained and, in a search incident to arrest, officers located one bag of heroin. The officers recovered a black 9-millimeter Stallared Arms firearm from under the passenger's side floor mat. Appellant was placed under arrest and charged with VUFA violations and possession of a controlled substance.

After a preliminary hearing, Appellant appeared before the Honorable Rayford Means on July 29, 2014, at which the Commonwealth offered a guilty plea of 4-8 years' confinement. Appellant rejected the offer and instead elected to proceed to trial. Appellant filed a counseled Motion to Suppress, which was denied by the court on February 23, 2015. After the Motion to Suppress was denied, Appellant entered an open guilty plea [to possession of a firearm prohibited, firearms not to be carried without a license, carrying a firearm in public in Philadelphia, and possession of a controlled substance] on that same date. On May 29, 2015, Appellant was sentenced by this court to an aggregate prison term of six to twelve years' confinement. A timely post-sentence Motion for Reconsideration of Sentence was filed that [was] ultimately denied by operation of law on October 7, 2015. Appellant did not file a direct appeal to the Superior Court.

(PCRA Court Opinion, filed November 6, 2019, at 1-2) (internal citations omitted).

On March 21, 2016, Appellant timely filed *pro se* his first PCRA petition.

- 2 -

The court subsequently appointed counsel, who filed an amended petition on May 14, 2018.  In the petitions, Appellant argued plea counsel was ineffective for advising him to reject the Commonwealth's initial plea offer of 4 to 8 years' imprisonment and to file a suppression motion instead, the denial of which ultimately resulted in a lengthier sentence for Appellant.  Appellant attached a letter from plea counsel, dated May 20, 2014, in support of his argument. The letter reads as follows:

> Dear Bree,
>
> Please find enclosed a copy of your discovery.  As you will see, the pictures from your Instagram account are not helpful at all.  This essentially precludes us from taking the case to trial under the theory that the gun isn't yours and that you had no knowledge of it previous to the stop by police.
>
> Obviously, going forward you need to be careful what you post on social media.  At this point I think it is best to proceed with a suppression motion requiring [your daughter,] Breeanna[,] to testify, as she will be the most compelling witness.  That is your best bet at this point.  Your next court date is June 12th, 2014.  I will file the motion prior to that date and ask that the motion be listed for a court date.
>
> The offer they have made on the new case is 4-8 years plus a tail.  Even if the suppression isn't successful, I think you would get a better sentence than that in front of Judge Means after the motion is litigated.  Alternatively, we could combine everything in front of Judge Brinkley for your violation and the new case and put on the mitigation regarding the robbery, etc.  Judge Brinkley has you listed for a violation on the 12th as well.  I am not sure how much time she has to work with because I am pretty sure you are close to maxing out.  The Public Defender represents you on that matter.  I spoke with her in depth about a comprehensive game plan so that we can get you home as

soon as possible. If you have any information you would like to share with me, please write me. I will discuss everything more in depth with you when I see you at court.

Best,

[Plea Counsel]

(*See* PCRA Petition, 3/21/16, attachment 1; Amended PCRA Petition, 5/14/18, Exhibit A). Appellant also attached a copy of the Commonwealth's "SMART room offer sheet" dated April 16, 2014, of 4 to 8 years' imprisonment, plus 3 years' probation, in exchange for Appellant's guilty plea to possession of a firearm prohibited and firearms not to be carried without a license. (*See* PCRA Petition, 3/21/16, attachment 2; Amended PCRA Petition, 5/14/18, Exhibit B).

On May 2, 2019, the PCRA court issued notice of its intention to dismiss Appellant's petition without an evidentiary hearing, pursuant to Pa.R.Crim.P. 907. Appellant did not file a response, and the court dismissed the petition on August 1, 2019. On August 22, 2019, Appellant timely filed a notice of appeal. On September 5, 2019, the court ordered Appellant to file a concise statement of errors complained of on appeal, per Pa.R.A.P. 1925(b); Appellant timely complied on September 26, 2019.

Appellant raises one issue on appeal:

> Did the PCRA court incorrectly dismiss [A]ppellant's PCRA petition without conducting an evidentiary hearing into [plea] counsel's ineffective advice in rejecting an offer from the Commonwealth to plead guilty for an offer of 4-8 years of incarceration[?]

(Appellant's Brief at 6).

On appeal, Appellant argues plea counsel was ineffective for advising Appellant to reject the Commonwealth's initial plea offer of 4 to 8 years' incarceration and to pursue a motion to suppress instead. Appellant contends this advice caused Appellant to later plead guilty and receive a greater sentence of 6 to 12 years' imprisonment. Appellant maintains that, even if the court believed counsel had a valid reason for giving Appellant that advice, the proper approach should have been to conduct an evidentiary hearing to determine whether counsel's advice was reasonable prior to dismissing Appellant's petition. Appellant concludes this Court should vacate the PCRA court's dismissal of Appellant's petition and remand for an evidentiary hearing. We are inclined to agree.

Our standard of review of the denial of a PCRA petition is limited to examining whether the evidence of record supports the court's determination and whether its decision is free of legal error. **Commonwealth v. Conway**, 14 A.3d 101 (Pa.Super. 2011), *appeal denied*, 612 Pa. 687, 29 A.3d 795 (2011). This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings. **Commonwealth v. Boyd**, 923 A.2d 513 (Pa.Super. 2007), *appeal denied*, 593 Pa. 754, 932 A.2d 74 (2007). We give no such deference, however, to the court's legal conclusions. **Commonwealth v. Ford**, 44 A.3d 1190 (Pa.Super. 2012).

Further, a petitioner is not entitled to a PCRA hearing as a matter of right; the PCRA court can decline to hold a hearing if there is no genuine issue

concerning any material fact, the petitioner is not entitled to relief, and no purpose would be served by any further proceedings. *Commonwealth v. Wah*, 42 A.3d 335 (Pa.Super. 2012). "A reviewing court on appeal must examine each of the issues raised in the PCRA petition in light of the record in order to determine whether the PCRA court erred in concluding that there were no genuine issues of material fact and in denying relief without an evidentiary hearing." *Commonwealth v. Smith*, 121 A.3d 1049, 1052 (Pa.Super. 2015), *appeal denied*, 635 Pa. 763, 136 A.3d 981 (2016) (quoting *Commonwealth v. Derrickson*, 923 A.2d 466, 468 (Pa.Super. 2007), *appeal denied*, 594 Pa. 685, 934 A.2d 72 (2007)).

The law presumes counsel has rendered effective assistance. *Commonwealth v. Williams*, 597 Pa. 109, 950 A.2d 294 (2008). When asserting a claim of ineffective assistance of counsel, a petitioner is required to make the following showing: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable strategic basis for his action or inaction; and, (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different. *Commonwealth v. Kimball*, 555 Pa. 299, 312, 724 A.2d 326, 333 (1999). The failure to satisfy any prong of the test for ineffectiveness of counsel will cause the claim to fail. *Williams, supra*.

"The threshold inquiry in ineffectiveness claims is whether the issue/argument/tactic which counsel has foregone and which forms the basis

for the assertion of ineffectiveness is of arguable merit…." **Commonwealth v. Pierce**, 537 Pa. 514, 524, 645 A.2d 189, 194 (1994). "Counsel cannot be found ineffective for failing to pursue a baseless or meritless claim." **Commonwealth v. Taylor**, 933 A.2d 1035, 1042 (Pa.Super. 2007), *appeal denied*, 597 Pa. 715, 951 A.2d 1163 (2008) (quoting **Commonwealth v. Poplawski**, 852 A.2d 323, 327 (Pa.Super. 2004)).

> Once this threshold is met we apply the "reasonable basis" test to determine whether counsel's chosen course was designed to effectuate his client's interests. If we conclude that the particular course chosen by counsel had some reasonable basis, our inquiry ceases and counsel's assistance is deemed effective.

**Pierce, supra** at 524, 645 A.2d at 194-95 (internal citations omitted).

> Prejudice is established when [a defendant] demonstrates that counsel's chosen course of action had an adverse effect on the outcome of the proceedings. The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. In [**Kimball, supra**], we held that a "criminal defendant alleging prejudice must show that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable."

**Commonwealth v. Chambers**, 570 Pa. 3, 21-22, 807 A.2d 872, 883 (2002) (some internal citations and quotation marks omitted).

"Generally, counsel has a duty to communicate plea bargains to his client, as well as to explain the advantages and disadvantages of the offer." **Commonwealth v. Marinez**, 777 A.2d 1121, 1124 (Pa.Super. 2001), *appeal denied*, 567 Pa. 739, 788 A.2d 374 (2001). "Failure to do so may be

considered ineffectiveness…if the defendant is sentenced to a longer prison term than the term he would have accepted under the plea bargain." *Id.*

Furthermore, our United States Supreme Court has explained:

> To show prejudice from ineffective assistance of counsel where a plea offer has lapsed or been rejected because of counsel's deficient performance, defendants must demonstrate a reasonable probability they would have accepted the earlier plea offer had they been afforded effective assistance of counsel. Defendants must also demonstrate a reasonable probability the plea would have been entered without the prosecution canceling it or the trial court refusing to accept it, if they had the authority to exercise that discretion under state law. To establish prejudice in this instance, it is necessary to show a reasonable probability that the end result of the criminal process would have been more favorable by reason of a plea to a lesser charge or a sentence of less prison time.
>
> …In a case…where a defendant pleads guilty to less favorable terms and claims that ineffective assistance of counsel caused him to miss out on a more favorable earlier plea offer, *Strickland*'s[1] inquiry into whether "the result of the proceeding would have been different," requires looking not at whether the defendant would have proceeded to trial absent ineffective assistance but whether he would have accepted the offer to plead pursuant to the terms earlier proposed.

*Missouri v. Frye*, 566 U.S. 134, 147-48, 132 S.Ct. 1399, 1409-10, 182 L.Ed.2d 379, ___ (2012) (internal citations omitted).

Instantly, we must initially address the PCRA court's contention that Appellant's PCRA petition is deficient where Appellant failed to procure a

---

[1] *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

witness certification from plea counsel.  (**See** PCRA Court Opinion at 5-6).  In support of its assertion, the PCRA court cites Section 9545(d)(1) of the PCRA, which provides, in pertinent part:

**§ 9545.  Jurisdiction and proceedings**

\*　　\*　　\*

**(d) Evidentiary hearing.**—

(1)  The following apply:

(i)  Where a petitioner requests an evidentiary hearing, the petition shall include a signed certification signed by each intended witness stating the witness's name, address, date of birth and substance of testimony and shall include any documents material to that witness's testimony.

(ii)  If a petitioner is unable to obtain the signature of a witness under subparagraph (i), the petitioner shall include a certification, signed by the petitioner or counsel, stating the witness's name, address, date of birth and substance of testimony. …

(iii) Failure to substantially comply with the requirements of this paragraph shall render the proposed witness's testimony inadmissible.

42 Pa.C.S.A. § 9545(d)(1).  **See also** Pa.R.Crim.P. 902(A)(15) (discussing content of PCRA petition and request for evidentiary hearing).

It is within a PCRA court's discretion to decline to hold an evidentiary hearing where a petitioner fails to provide any certification regarding potential witnesses.  **Commonwealth v. Brown**, 767 A.2d 576, 583 (Pa.Super. 2001).  Significantly, however, "it is improper to affirm a PCRA court's decision on the sole basis of inadequate witness certifications where the PCRA court did not

- 9 -

provide notice of the alleged defect." ***Commonwealth v. Pander***, 100 A.3d 626, 642 (Pa.Super. 2014) (*en banc*), *appeal denied*, 631 Pa. 712, 109 A.3d 679 (2015) (citing Pa.R.Crim.P. 905(B);[2] ***Commonwealth v. Robinson***, 596 Pa. 580, 947 A.2d 710 (2008) (*per curiam* order)).

Here, Appellant attached a "Certification of Intended Witnesses" to his amended PCRA petition. This certification lists the names and addresses of two potential witnesses: Appellant and plea counsel. Absent from the certification, however, is any discussion of plea counsel's proposed testimony. Nevertheless, the record confirms the PCRA court failed to provide Appellant with notice of any defect in his witness certification prior to the court's entry of Rule 907 notice and ultimate dismissal of the petition. Therefore, we decline to deny PCRA relief on this basis. ***See*** Pa.R.Crim.P. 905 (B); ***Robinson, supra***; ***Pander, supra***.

Turning to the merits of Appellant's claim, the record demonstrates that the Commonwealth offered Appellant a plea bargain on April 16, 2014, of 4 to 8 years' incarceration, plus 3 years' probation, in exchange for a plea to one count each of possession of a firearm prohibited and firearms not to be carried without a license. On May 20, 2014, plea counsel wrote Appellant the letter

---

[2] Rule 905(B) states: "When a petition for post-conviction collateral relief is defective as originally filed, the judge shall order amendment of the petition, indicate the nature of the defects, and specify the time within which an amended petition shall be filed. If the order directing amendment is not complied with, the petition may be dismissed without a hearing." Pa.R.Crim.P. 905(B).

advising him to reject the plea offer. Appellant rejected the Commonwealth's offer on July 29, 2014. In 2015, Appellant filed a suppression motion, which the court denied. Appellant then pled guilty on February 23, 2015, to possession of a firearm prohibited, firearms not to be carried without a license, carrying a firearm in public in Philadelphia, and possession of a controlled substance, and the court sentenced Appellant to 6 to 12 years' incarceration.

In his timely PCRA petitions, Appellant submitted the letter from plea counsel to show he pled guilty to greater charges and received a longer sentence due to plea counsel's advice to reject the initial plea offer and to pursue an ultimately unsuccessful suppression motion. In its opinion denying relief, the PCRA court explained that plea counsel's letter to Appellant offered reasonable advice and defense strategies. (**See** PCRA Court Opinion at 6-7).

Nevertheless, plea counsel's letter does not articulate the legal basis for **why** counsel believed the suppression motion would be successful, or explain counsel's reasons for believing Appellant would face a shorter sentence before Judge Means, even if the suppression motion proved unsuccessful. Additionally, although plea counsel communicated the advantages of rejecting the plea offer (*i.e.*, winning the suppression motion or being sentenced to a lower sentence by Judge Means even if the suppression motion was denied), counsel did not explain in the letter the possible disadvantages of rejecting the offer (*i.e.*, facing greater charges than the Commonwealth agreed to in the initial plea offer and facing a potentially longer sentence). ***See Marinez,***

*supra*.   Consequently, the court should have conducted an evidentiary hearing on the reasonableness of counsel's strategy.   *See Commonwealth v. Cousar*, 638 Pa. 171, 191-92, 154 A.3d 287, 299 (2017) (expressing preference for evidentiary hearing on reasonableness of counsel's actions or inactions before deciding that counsel's strategy was, in fact, reasonable).

The PCRA court also decided Appellant failed to satisfy the prejudice prong of the ineffectiveness test, stating: "Appellant's bald assertions alone that plea counsel's allegedly deficient performance through her instructions cannot stand as proof that, but for counsel's performance, the result of the proceeding would have been different."   (PCRA Court Opinion at 6).   We disagree.   Consistent with our Supreme Court's dictates, the analysis of the prejudice prong in this case "requires looking not at whether the defendant would have proceeded to trial absent ineffective assistance but whether he would have accepted the offer to plead pursuant to the terms earlier proposed."   *See Frye, supra*.   *See also Marinez, supra*.   Here, Appellant properly pled that had counsel advised him not to reject the initial plea offer, he would have accepted it.[3]   To the extent plea counsel could rebut that claim,

_____

[3] We observe that on the copy of the Commonwealth's "SMART room offer sheet" attached to Appellant's PCRA petitions, Appellant checked off the line to "accept" the offer and signed his name with a date of May 29, 2015—well beyond the date Appellant entered the ultimate guilty plea in this case. Although the PCRA court decided the inconsistencies in the dates diminished the evidentiary value of the document, the Commonwealth does not dispute the validity of the offer sheet.   Rather, it appears Appellant either initially

- 12 -

that issue should be decided at an evidentiary hearing where the PCRA court has the opportunity to make necessary credibility determinations. ***See Cousar, supra***. Based upon the foregoing, we vacate the order dismissing Appellant's first PCRA petition and remand for an evidentiary hearing.

Order vacated. Case remanded for evidentiary hearing. Jurisdiction is relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/9/20

---

accepted the offer on May 29, 2014 (and the date was a typographical error) prior to rejecting the offer on July 29, 2014, or Appellant somehow attempted to resurrect the initial plea offer long after it had expired by belatedly "accepting" it. In any event, this inconsistency can be examined at an evidentiary hearing.