J-A19045-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
DONTE JACKSON :
:
Appellant : No. 582 EDA 2020

Appeal from the PCRA Order Entered March 9, 2020,
In the Court of Common Pleas of Philadelphia County Criminal Division at
No: CP-51-CR-0010883-2012

BEFORE: DUBOW, J., MURRAY, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.: **FILED NOVEMBER 23, 2021**

Appellant, Dante Jackson, *pro se*, appeals from the order of the Court of Common Pleas of Philadelphia County, entered March 9, 2020, that dismissed his first petition filed under the Post Conviction Relief Act (PCRA)[1] without a hearing. We affirm the PCRA court's order in part, vacate in part, and remand to the PCRA court for compliance with Pa.R.Crim.P. 905(B) (Rule 905(B)).

A brief recitation of the facts underlying this appeal are as follows. On August 27, 2012, Appellant threatened to shoot the victim, a City of Philadelphia Correctional Officer dressed in full uniform with her name tag displayed. PCRA opinion, at 1. Appellant and the victim were not acquainted,

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

and the victim had stopped at a grocery store on her way to work when she encountered Appellant. *Id*. Appellant followed the victim to her car and pointed the muzzle of what appeared to be a gun wrapped in a grey towel at the victim's torso. *Id*. at 2. Appellant then stated, "I should shoot you right now." *Id*. The victim was able to escape and later positively identified Appellant. *Id*. After Appellant was apprehended, he stated "I should have killed that bitch. When I see her again I'm going to murder her." *Id*.

On March 17, 2016, a jury convicted Appellant of Aggravated Assault, Possession of an Instrument of Crime (PIC), Terroristic Threats, and Simple Assault.[2] On May 13, 2016, the trial court sentenced Appellant to an aggregate sentence of 10 to 20 years' incarceration. Appellant filed a direct appeal and this Court affirmed his judgment of sentence on May 10, 2019. *Commonwealth v. Donte Jackson*, 2019 WL 2070487 (Pa. Super. filed May 10, 2019) (unpublished memorandum). Appellant did not file an application for appeal to the Supreme Court of Pennsylvania.

On June 28, 2019, Appellant filed his first, *pro se*, timely PCRA petition, challenging the subject matter jurisdiction of the trial court, the legality of his sentence, discretionary aspects of his sentence, and claiming ineffective assistance of trial and appellate counsel. Appellant's PCRA petition, 6/29/19. In the PCRA petition Appellant requested to proceed *pro se* and requested a

---

[2] 18 Pa.C.S. §§ 2702 (A)(6), 907, 2706(A)(1), and 2701(A), respectively.

hearing pursuant to **Commonwealth v. Grazier**.[3] **Id**. The PCRA court appointed counsel to represent Appellant upon receipt of the PCRA petition. Order, 7/10/19; **See generally**, N.T., 10/3/19. On October 3, 2019, the PCRA court held a hearing pursuant to **Grazier**. **See generally**, N.T., 10/3/19. Court-appointed counsel was present and the PCRA court permitted Appellant to speak with counsel prior to the **Grazier** hearing. N.T., 10/3/19, at 7-9. After conducting a colloquy, the PCRA court determined that Appellant knowingly, voluntarily and intelligently gave up his right to counsel and permitted Appellant to proceed *pro se.* Order, 10/3/19; N.T., 10/3/19 at 9-24.

The PCRA court held an additional hearing on January 27, 2020, to address several motions filed by Appellant. **See generally**, N.T., 1/27/20. At the hearing, the PCRA court addressed a motion to amend the 1925(b) statement, a motion for additional discovery, and a motion challenging the subject matter jurisdiction of the trial court. **Id**. The PCRA court denied Appellant's motions. **Id**. The PCRA court determined that no Rule 1925(b) statement existed because there was no appeal pending, that Appellant did not meet the "exceptional circumstances" necessary for additional discovery and the trial court had subject matter jurisdiction. **Id**. at 4-14.

_____

[3] **See Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998) (When a waiver of the right to counsel is sought at the post-conviction and appellate stages, an on-the-record determination should be made that the waiver is a knowing, intelligent, and voluntary one.)

On January 29, 2020, the PCRA court entered a notice of intent to dismiss all claims without a hearing pursuant to Pa.R.Crim.P. 907 (Rule 907 Notice) concluding that the issues in Appellant's PCRA petition were without merit. Order, 1/29/20. Appellant did not file a response. On March 9, 2020, the PCRA court dismissed Appellant's petition. On March 9, 2020, Appellant filed this timely appeal.[4]

Appellant presents the following issues for our review:

Did the PCRA court err in [sic] abuse it[`s] discretion and deny Appellant due process under the state and federal constitutions by proceeding to summarily dismissing Appellant's petition for Post-Conviction Relief:

(1) By holding Appellant above the "stringent standards" of an [sic] skilled lawyer,

(2) By not permitting Appellant to "amend" his PCRA petition,

(3) Without ensuring Appellant was provided discovery by trial counsel as directed-ordered by the PCRA court,

(4) Without affording the Appellant court-appointed assistance requested by him for the purpose of obtaining [a] witness statement exculpatory to him,

(5) [By not] ordering the production of the audio record of Appellant's proceedings where he complained of altered transcripts,

(6) Without affording Appellant's an [sic] hearing to his challenges to the trial court subject matter jurisdiction for the

---

[4] Appellant prematurely filed a notice of appeal from the PCRA court's Rule 907 Notice on February 10, 2020, however, Appellant's premature notice of appeal will be treated as timely filed on March 9, 2020. *See* Pa.R.A.P. 905(a)(5) (A notice of appeal filed after the announcement of a determination but before the entry of an appealable order shall be treated as filed after such entry and on the day thereof.)

Commonwealth's failure to provide him with formal and specific notice of charges in advance of trial,

(7) [By not] hearing Appellant's claim of ineffective assistance of counsel during his pretrial proceedings, at trial, and on direct appeal, and

(8,9) [By not] taking into account Appellant's declared lack of adequate access to the courts at his prison institution and his obvious literacy issues and learning, educational, intellectual, and mental disabilities and inability to effectively pursue Post-Conviction relief unassisted, which is quite apparent from the record, form and content of Appellant's pro se pleadings and the PCRA own observations in the court's opinion, and either affording Appellant his claims to the court orally, appointing standby counsel to assist him with his pleadings, or conducting an appropriate inquiry into whether Appellant's lack of access to the courts, disabilities, and lack of assistance were effectively depriving Appellant of his statutory right to Post-Conviction relief and right to due process and equal protection of the law under the fourteenth amendment and Art. I, 1, 9, 11, 20 and 26.

Appellant's Brief, at IX.[5]

In reviewing an appeal from the denial of PCRA relief, "this Court is limited to ascertaining whether the evidence supports the determination of the PCRA court and whether the ruling is free of legal error." *Commonwealth v. Andrews*, 158 A.3d 1260, 1263 (Pa. Super. 2017) (citation omitted). This Court is limited to the findings of the PCRA court and the evidence of record, and must view these in a light most favorable to the Commonwealth as the prevailing party. *Commonwealth v. Medina*, 92 A.3d 1210, 1214 (Pa. Super. 2014). The PCRA court's credibility determinations are binding on this

---

[5] Appellant filed two applications for relief with this Court, on July 21, 2021 and August 25, 2021. Both applications for relief are denied in light of the disposition of this memorandum.

Court when supported by the record; however, with regard to the PCRA court's legal conclusions, our standard of review is *de novo*. **Commonwealth v. Spotz**, 18 A.3d 244, 259 (Pa. Super. 2011).

To be eligible for relief under the PCRA, a petitioner must plead and prove by a preponderance of the evidence, "[t]hat the petitioner has been convicted of a crime under the laws of this Commonwealth and is at the time relief is granted, currently serving a sentence of imprisonment, probation or parole for the crime." 42 Pa.C.S. § 9543. A petitioner alleging ineffective assistance of counsel must also plead and prove by a preponderance of the evidence "that the conviction or sentence resulted from . . . [i]neffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." **Id**.

**Amendment of PCRA petition**

In his brief, Appellant combined his first two issues on appeal, therefore, we will discuss them together. Appellant argues that the PCRA court violated the duty owed to Appellant as a *pro se* petitioner and erred by failing to permit him to amend his PCRA petition in violation of Rule 905(B). Instantly, although Appellant is *pro se*, we recognize:

> [u]nder Pennsylvania law, *pro se* defendants are subject to the same rules of procedure as are represented defendants. **See Commonwealth v. Williams,** [ ] 896 A.2d 523, 534 (Pa. 2006) (*pro se* defendants are held to same standards as licensed attorneys). Although the courts may liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon a litigant, and a court cannot be expected to become a

litigant's counsel or find more in a written *pro se* submission than is fairly conveyed in the pleading.

***Commonwealth v. Blakeney***, 108 A.3d 739, 766 (Pa. 2014). Additionally, during the ***Grazier*** hearing, the PCRA court questioned Appellant regarding the following.

> The Court: Do you understand that you will be held to the standard of someone, you know, that must be aware of all of the filing requirements, legal requirements, arguments, things of that nature; all of these things that you're going to have to be held accountable to complying with the rules and regulations that are set forth in the Post-Conviction Hearing Act itself? Do you understand that?
>
> Appellant: I do.
>
> . . .
>
> The Court: Do you understand that if I permit you to represent yourself and I remove counsel at your request, you will be bound by all of the normal rules and procedures and knowledge of those rules and procedures relating to the Post-Conviction Hearing Act proceedings?
>
> Appellant: I understand.

N.T., 10/3/19, at 11-15. Appellant argues that because he is proceeding *pro se*, the PCRA court must hold him to a lower standard than an attorney. This argument is meritless. The PCRA court may "liberally construe" *pro se* filings, however, *pro se* status "confers no special benefit upon a litigant." ***See Blakeney***, 108 A.3d at 766.

Appellant next argues that the PCRA court erred because it failed to permit him to amend his PCRA petition pursuant to Pa.R.Crim.P. 905(B). Appellant argues that the PCRA court found his PCRA petition was facially

defective when it stated in its Rule 1925(a) opinion that portions of Appellant's PCRA petition were "vague," "mostly illegible," and "extremely difficult to decipher" and, therefore, it should have permitted Appellant to amend his petition. *See* Appellant's Brief, at 7-8; TCO at 8.

"When a petition for post-conviction collateral relief is defective as originally filed, the judge shall order amendment of the petition, indicate the nature of the defects, and specify the time within which an amended petition shall be filed." Pa.R.Crim.P. 905(B). The comment to Rule 905 states,

> "Defective," as used in paragraph (B), is intended to include petitions that are inadequate, insufficient, or irregular for any reason; for example, petitions that lack particularity; petitions that do not comply substantially with Rule 902; petitions that appear to be patently frivolous; petitions that do not allege facts that would support relief; petitions that raise issues the defendant did not preserve properly or were finally determined at prior proceedings.

Pa.R.Crim.P. 905(B), comment.

Regarding the amendment of a PCRA petition, the Pennsylvania Supreme Court has stated,

> [r]ule 905(A) governs the amendment of a pending PCRA petition. Pursuant to this Rule, "PCRA courts are invested with discretion to permit the amendment of a pending, timely-filed post-conviction petition," which must be exercised consistently with the command of Rule 905(A) that amendment should be freely allowed to achieve substantial justice. [**Commonwealth v.**] **Flanagan**, 854 A.2d at 499-500. Adherence to this liberal standard for amendment is essential because criminal defendants may have just one opportunity to pursue collateral relief in state court. **Id**.

**Commonwealth v. Crispell**, 193 A.3d 919, 930 (Pa. 2018).

In his PCRA petition, Appellant alleged that trial counsel was ineffective for a lengthy list of failures: failure to object to improper comments made by the prosecutor in closing arguments, failure to admit documents into evidence that the jury requested, failure to request a mistrial based on improper comments by the prosecutor, prosecutorial misconduct for introducing a witness who knowingly committed perjury with the prosecutor's knowledge ("Officer Mason"), failure to investigate and call a witness and receive additional information of discovery as to what happened to evidence ("video surveillance") prior to trial, failure to effectively cross-examine prosecutor's witness on falsification of testimony, and failure to bring to the attention of the court the fraud that took place upon the courts in the initial arrest of Appellant and in his charging information between Appellant prior counsel ("Staci Greenpan") Defender Association and District Attorney. PCRA petition, 6/28/19 at 2-3 (unpaginated).

Appellant also alleged ineffective assistance of direct appeal counsel for: failure to bring claims of trial counsel ineffectiveness, failure to bring a claim of improper comment by prosecutor when she called witness "liar" and stated that Appellant "hid [a] gun at [his] aunt['s] house," failure to bring a claim of right to speedy trial based on fatally defective information causing a detainer to be lodged for almost 48 months, failure to bring a claim of lack of subject matter jurisdiction, failure to bring a claim of insufficient evidence for PIC, failure to bring a claim of weight of the evidence for PIC, failure to bring a due process violation claim in allowing hearsay statement of store owner, failure

to bring a claim of prosecutorial overwhelming the jury with voracious trial strategy by introducing officer testimony which heightened the veracity of police officers, failure to bring improper misconduct against the trial judge for failure to be impartial and directing the prosecutor to move under both sections of Aggravated Assault, failure to bring forth a claim that Appellant lodged objections to the above and harmless error applies, failure to bring a claim that amending the information was proper when prosecutor failed to file or "nolle prosequi" information. Appellant's PCRA petition at 3-4 (unpaginated).

Regarding Appellant's claims of ineffective assistance of trial counsel, the PCRA court stated,

> [p]etitioner did not attempt to show that the underlying claims have arguable merit, that no reasonable basis existed for counsel's actions or failure to act, or that he suffered prejudice as a result of counsel's error. Petitioner does not point to any Notes of Testimony and his claims lack specificity.

PCRA opinion, at 12. Regarding Appellant's claims of ineffective assistance of direct appeal counsel, the PCRA stated, "[a]gain, Petitioner's claims lack the required specificity." *Id*. Summarily, the PCRA court concluded,

> Upon review of all submitted relevant data, this court reasonably concluded that Petitioner had failed to meet his burden of demonstrating that any of his counsel had been ineffective. Petitioner has not proven that any of his counsel's representation had fallen [below] the objective standard of reasonableness, nor did he demonstrate any resulting prejudice. Petitioner's PCRA claims have been properly dismissed for lack of any appreciable merit.

***Id.***, at 13.[6]

This Court has previously stated that Rule 905(B) applies only to a first-time submitted PCRA petition. ***Commonwealth v. Austin,*** 721 A.2d 375, 379 (Pa. Super. 1998) (concluding the plain import of Pa.R.Crim.P. 1505(B), the identical predecessor of current Rule 905(B), is that it is designed to apply to first post-conviction petitions). The purpose of this rule is "to provide PCRA petitioners with a legitimate opportunity to present their claims to the PCRA court in a manner sufficient to avoid dismissal due to a correctable defect in claim pleading or presentation." ***Commonwealth v. McGill,*** 832 A.2d 1014, 1024 (Pa. 2003) (citation omitted).

> Thus, when a PCRA court is presented with a PCRA petition that is defective in form or content, the judge should indicate to the petitioner the nature of the defects and provide an opportunity for the petitioner to amend.

***Commonwealth v. Robinson***, 947 A.2d 710, 711 (Pa. 2008) (citing Pa.R.Crim.P. 905(B)) (where dismissal of PCRA petition based on failure to include witness certification reversed in *per curiam* order).[7]

---

[6] We note that the Commonwealth addressed the issue of ineffective assistance of trial counsel for failure to object to the prosecutor's comments at trial. ***See*** Appellee's Brief, at 17-22.

[7] We acknowledge that *per curiam* orders are not binding precedent, but find the discussion in ***Robinson***, persuasive. ***See also Commonwealth v. Williams,*** 782 A.2d 517, 526–527 (Pa. 2001) (capital appellant's PCRA petition remanded based on failure of PCRA court to comply with Pa.R.Crim.P. 1505(B), the identical predecessor of current Rule 905(B)); ***Commonwealth v. Pander,*** 100 A.3d 626, fn.10 (Pa. Super. 2014) (noting impropriety of
*(Footnote Continued Next Page)*

First, we note, Appellant did not file a response to the PCRA court's 907 Notice to request permission to amend his PCRA petition.

> The purpose behind a Rule 907 pre-dismissal notice is to allow a petitioner an opportunity to seek leave to amend his petition and correct any material defects, the ultimate goal being to permit merits review by the PCRA court of potentially arguable claims. The response is an opportunity for a petitioner and/or his counsel to object to the dismissal and alert the PCRA court of a perceived error, permitting the court to discern the potential for amendment. The response is not itself a petition and the law still requires leave of court to submit an amended petition.

*Commonwealth v. Rykard*, 55 A.3d 1177, 1189 (Pa. Super. 2012) (some internal citations and quotation marks omitted). Consequently, in his response to the Rule 907 notice, Appellant should have requested leave to amend his petition to add the instant issue in order to preserve this issue. However, we find that the PCRA court's 907 Notice was inadequate as it stated that it was dismissing Appellant's PCRA petition because his issues were "without merit" and did not specify that the issues regarding ineffective assistance of counsel were being dismissed because they lacked particularity. We do not find that Appellant waived this claim for failure to raise it in a response to the PCRA court's defective Rule 907 Notice.

Upon review, we conclude that the PCRA court abused its discretion in dismissing Appellant's ineffective assistance claims related to trial counsel and direct appeal counsel based on procedural deficiencies, without "order[ing]

_____

affirming PCRA court's dismissal based on lack of witness certification where PCRA did not provide notice of the defect per Pa.R.Crim.P. 905(b), but affirming on other grounds).

- 12 -

amendment of the petition" or providing Appellant with notice of "the nature of the defects." Pa.R.Crim.P. 905(B); *see McGill*, 832 A.2d at 1024. We find the PCRA court's dismissal of Appellant's claims regarding ineffective assistance of counsel based on a lack of the required specificity amounted to a finding that Appellant's PCRA petition was "defective" as originally filed, with regard to those particular claims. *See* Rule 905(B), comment. Accordingly, we remand to the PCRA court for compliance with Rule 905(B) with respect to only the claims of ineffective assistance trial and appellate counsel that Appellant specified in his PCRA petition. *See Robinson*, 947 A.2d at 711. The PCRA court "shall order amendment of the petition, indicate the nature of the defects, and specify the time within with an amended petition shall be filed." Rule 905(B).[8]

## Discovery

Appellant next argues that the PCRA court erred because it did not ensure that previous trial counsel provided Appellant with discovery. Appellant's Brief, at 14. Discovery in PCRA proceedings is governed by Pennsylvania Rule of Criminal Procedure 902(E)(1), which states in pertinent part, "[e]xcept as provided in paragraph (E)(2), no discovery shall be

---

[8] Nothing in this memorandum should be read to undermine the PCRA pleading requirements that are incumbent upon petitioners, pursuant to 42 Pa.C.S. § 9543.

permitted at any stage of the proceedings, except upon leave of court after a showing of exceptional circumstances." Pa.R.Crim.P. 902(E)(1).

> Neither the PCRA nor the Pennsylvania Rules of Criminal Procedure define the term "exceptional circumstances." This Court, however, has held that "the trial court, in its discretion" determines whether a case is exceptional and warrants discovery. Thus, "[w]e will not disturb a court's determination regarding the existence of exceptional circumstances unless the court abused its discretion."

***Commonwealth v. Watley***, 153 A.3d 1034, 1048 (Pa. Super. 2016) (*quoting*

***Commonwealth v. Frey***, 41 A.3d 605, 611 (Pa. Super. 2012)).

During the October 3, 2019, hearing, the PCRA court and Appellant had the following exchange,

> The Court: What discovery did you receive, Mr. Jackson, to date?
>
> Appellant: Transcripts; preliminary hearing transcripts, the November 7th transcript, my trial transcripts.
>
> . . . [prior counsel] gave me the trial transcripts, the preliminary hearing.

N.T., 10/3/19, at 17-18. Appellant attached a copy of the criminal Information to his motion challenging subject matter jurisdiction. Motion, 11/22/19, at 44-46 (unpaginated). During the hearing on January 27, 2020, the PCRA court addressed Appellant's request for discovery.

> As to discovery, Pennsylvania Rules of Criminal Procedure 902-E.1 control. . . . The Pennsylvania Supreme Court has made it clear that in PCRA cases discovery is not a routine entitlement that pertains to trial. It is not the same level. Upon collateral review, it is the defendant's burden to investigate and prove his claims. The defendant has no right to additional discovery which was available at the trial stage.

- 14 -

> Each party is provided a reasonable opportunity to investigate and that does not simply translate into a right of discovery. To the contrary 902-E, Pennsylvania Rules of Criminal Procedure, explicitly provide, discovery in PCRA cases is not merely unusual but impermissible unless special circumstances are demonstrated.
>
> I refer everyone to 902-E. For example, a noncapital case no discovery shall be permitted in any stage of the proceedings except upon leave of court after showing of exceptional circumstances. In this case petitioner has not shown exceptional circumstances warranting the discovery that I'm gleaning he is requesting.

N.T. 1/27/20 at 4-5. Appellant testified that prison officials are withholding his legal documents and that he never received discovery. N.T., 1/27/20, at 9-10. The PCRA court stated, "the Information and original discovery had been forwarded to you not only by this court but also by your prior counsel on multiple occasions." *Id*. at 9-10.

We find the PCRA court did not abuse its discretion in its determination that Appellant did not show exceptional circumstances to warrant production of the discovery he requested. The record supports the PCRA court's determination that transcripts and the criminal Information were previously provided to Appellant. Additionally, although Appellant stated at the hearing that he no longer has the paperwork, the PCRA court's credibility determinations are binding on this Court when supported by the record. *See Medina*, 92 A.3d at 1214; *Spotz*, 18 A.3d at 259.

Next, Appellant argues that the PCRA court erred in denying him funds to hire an investigator to obtain "affidavits from witnesses and possible video.

. . from the convenience store" where the incident occurred. Appellant's Brief, at 12.

> The provision of public funds to hire experts to assist in the defense against criminal charges is a decision vested in the sound discretion of the court and a denial thereof will not be reversed absent an abuse of that discretion. At the trial stage, "an accused is entitled to the assistance of experts necessary to prepare a defense." This court has never decided that such an appointment is required in a PCRA proceeding. We must review the PCRA court's exercise of its discretion in the context of the request, that an expert's testimony is necessary to establish his entitlement to relief under 42 Pa.C.S. § 9543(a)(2)(vi), the provision of the PCRA which deals with claims of innocence based on after-discovered evidence.

> It is well settled in this Commonwealth that a new trial is not warranted on the basis of after-discovered evidence, unless it could not have been discovered until after the trial despite reasonable diligence, is not used for merely cumulative or impeachment purposes, and is of such a nature that it would compel a different outcome.

*Commonwealth. v. Albrecht*, 720 A.2d 693, 707 (Pa. 1998) (citations omitted); *See also, Commonwealth v. Reid*, 99 A.3d 470, 505 (Pa. 2014).

Regarding Appellant's request for funds to hire a private investigator, the PCRA court stated,

> Because Petitioner's case is non-capital, he was required to meet the high threshold of "exceptional circumstances" to warrant further investigation at this stage in his case. In support of his argument to obtain funds so that he may hire a private investigator, Petitioner merely filed a poorly written document wherein he explained that he is "penniless" and seeks funds to hire a private investigator "to assistance [sic] him in his gathering of evidence for the appeal." Petitioner contends that he is "litigating against the Commonwealth, who have unlimited resources and connections that's unreachable and Appellant has no resources and no connections." He then goes on to state that

"there is fraud being committed by the courts and an [sic] conspiracy to violate and deny him his constitutional rights to due process, equal protection, prohibition from cruel and unusal [sic] punishment, compulsory process, and freedom of speech." Petitioner's arguments are overly broad, unsupported, hold no merit, and unquestionably do not reach "exceptional circumstances" threshold. As such, his request to receive funds to hire a private investigator was rightfully denied.

PCRA opinion, at 10 (Citations to the record omitted).

We discern no abuse of discretion in the PCRA court's determination to deny Appellant's generic request for funds to hire an investigator to gather evidence and witnesses in his favor. *See Albrecht*, 720 A.2d at 707-708 (appellant's petition for funds to explore application of new fire investigation techniques to evidence admitted at his trial was found to be insufficient where appellant did not demonstrate an expert was available or establish by factual analysis or argument that the trial court's denial of funds prejudiced him).

Appellant next argues the PCRA court erred by not permitting him to have audio recordings of his trial and sentencing transcripts because he alleged there were errors in the transcripts. Appellant's Brief, at 10-12. However, Appellant did not raise this issue in his PCRA petition, or before the PCRA court, therefore, this issue is waived.[9]

Regardless of the reasons for [an a]ppellant's belated raising of [an] issue, it is indisputably waived. We have stressed that a

_____

[9] Appellant, in his PCRA petition, did raise as an issue, "appellate counsel failure to bring right to perfect this appeal was violated, by tampering, alteration, and/or deletion of his trial transcripts." PCRA Petition, 6/28/19. However, a fair reading of this issue rings of ineffective assistance of counsel and not the discovery issue Appellant presents to this Court.

claim not raised in a PCRA petition cannot be raised for the first time on appeal. We have reasoned that permitting a PCRA petitioner to append new claims to the appeal already on review would wrongly subvert the time limitation and serial petition restrictions of the PCRA. The proper vehicle for raising this claim is thus not the instant appeal, but rather is a subsequent PCRA petition.

*Commonwealth v. Santiago*, 855 A.2d 682, 691 (Pa. 2004) (internal brackets, citations, and quotation marks omitted); *accord Commonwealth v. Reid*, 99 A.3d 470, 494 (Pa. 2014). Issues not raised in the trial court are waived and cannot be raised for the first time on appeal. Pa.R.A.P. 302(a).

Even if the issue were not waived, Appellant would not be entitled to relief. Appellant alleges that there were alterations of the typewritten transcripts and that the transcripts omitted statements that would have supported his claims. Appellant's Brief, at 10. However, Appellant does not specify any of the alleged errors, nor has he attempted to show that he meets the "exceptional circumstances" applicable to requests for discovery applicable to the PCRA stage of proceedings. *See Watley*, 153 A.3d at 1048; Pa.R.Crim.P. 902(E)(1).

**Evidentiary hearing**

Appellant's next two issues involve the PCRA court's dismissal of his PCRA petition without an evidentiary hearing. First, Appellant argues that the PCRA court erred by not holding a hearing regarding subject matter jurisdiction. Appellant argues that the trial court did not have subject matter jurisdiction to hear his trial or sentence him because the criminal Information

stated that he was charged with Aggravated Assault, graded as a felony of the first degree, but he was found guilty of Aggravated Assault, graded as a felony of the second degree.

> ... a PCRA petitioner is not automatically entitled to an evidentiary hearing. We review the PCRA court's decision dismissing a petition without a hearing for an abuse of discretion.

> [T]he right to an evidentiary hearing on a postconviction petition is not absolute. It is within the PCRA court's discretion to decline to hold a hearing if the petitioner's claim is patently frivolous and has no support either in the record or other evidence. It is the responsibility of the reviewing court on appeal to examine each issue raised in the PCRA petition in light of the record certified before it in order to determine if the PCRA court erred in its determination that there were no genuine issues of material fact in controversy and in denying relief without conducting an evidentiary hearing.

*Commonwealth v. Miller*, 102 A.3d 988, 992 (Pa. Super. 2014) (citations omitted and brackets in original).

Appellant's argument is without merit because the PCRA court did hold a hearing and addressed Appellant's issue regarding the subject matter jurisdiction of the trial court. *See* N.T., 1/27/20, at 5-14. At the January 27, 2020 hearing, the PCRA court addressed Appellant's motion challenging the subject matter jurisdiction of the trial court and heard argument from Appellant. N.T., 1/27/20, at 11-14. Moreover, the PCRA court determined,

> Subject matter jurisdiction of this case was properly assigned to the First Judicial District of Pennsylvania, Court of Common Pleas, because all actions from which the felony and misdemeanor offenses were charges, occurred within the City and County of Philadelphia. The Bills of Information that were filed in the instant matter and which were reviewed on the record by this court before trial contained sufficient specificity and provided due notice to

Appellant of the offenses charged as constitutionally required. No improper amendment of the Bills of Information occurred.

Petitioner claims that "there was an unconstitutional amendment charging a different grade of Aggravated Assault." Petitioner's averment is simply not true. Petitioner was charged with and convicted of second-degree Aggravated Assault. As Petitioner was not convicted of any first-degree felony charge, no prejudice can be asserted.

Moreover, this exact issue was previously litigated on direct appeal and is therefore moot.

PCRA opinion, at 15.

Before Appellant was arraigned, the trial court permitted the Commonwealth to amend the bills of information to reflect that Appellant was charged with Aggravated Assault, 18 Pa.C.S. § 2702(a) *generally*, which encompasses subsections graded as felonies of the first degree and second degree. N.T., 3/15/19, at 30-32; 18 Pa.C.S. § 2702(c) (Aggravated assault under subsection (a)(1), (2) and (9) is a felony of the first degree; Aggravated assault under subsection (a)(3), (4), (5), (6), (7) and (8) is a felony of the second degree.). Appellant was then arraigned on Aggravated Assault § 2702(a), generally, including subsections which include felonies of the first and second degree. N.T., 3/15/19, 42. Therefore, we additionally find that the PCRA court did not abuse its discretion in denying Appellant's issue regarding the subject matter jurisdiction of the trial court.[10]

---

[10] The PCRA court also noted that this issue was waived as previously litigated. Appellant could have challenged this issue as part of his direct appeal, and in fact, this issue was included in his Rule 1925(b) statement on direct appeal, however, was abandoned on appeal. *See* 42 Pa.C.S. § 9544(b) ("for purposes
*(Footnote Continued Next Page)*

Appellant next challenges the PCRA court's denial of an evidentiary hearing regarding his ineffective assistance of counsel claims. However, as discussed above, as Appellant's claims regarding ineffective assistance of counsel are being remanded to the PCRA court, therefore, we decline to address this issue.

### *Sua sponte* intervention by PCRA court

Appellant next argues that the PCRA court erred because it did not *sua sponte* appoint standby counsel to help Appellant or *sua sponte* permit Appellant to present his claims orally. This argument is without merit. Appellant requested permission to proceed *pro* se. **See** PCRA petition, 6/21/19. The PCRA court held a hearing pursuant to **Grazier** and conducted a colloquy in accordance with **Grazier**. N.T., 10/3/19, generally. Importantly, Appellant did not request to have standby counsel appointed. The PCRA court was under no obligation to *sua sponte* permit Appellant to present his claims to the court orally or appoint standby counsel. Appellant's issue is without merit.

Order vacated in part and remanded with instructions. The PCRA court shall permit Appellant to amend his PCRA petition with regard to the ineffective assistance of counsel claims relating to trial and appellate counsel that Appellant raised in his PCRA petition and listed above. Order affirmed in

---

of [the PCRA], an issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding.").

part.  The July 21, 2021 and August 25, 2021 applications for relief, filed by Appellant, are DENIED.  Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/23/2021