# IN THE SUPREME COURT OF PENNSYLVANIA
## WESTERN DISTRICT

COMMONWEALTH OF PENNSYLVANIA,     :   No. 149 WAL 2023

       Respondent

      v.

JAMIE M. BROWN,

       Petitioner

:
:
: Petition for Allowance of Appeal
: from the Unpublished Memorandum
: and Order of the Superior Court at
: No. 17 WDA 2022 entered on
: March 15, 2023, affirming, vacating
: and remanding the PCRA Order of
: the Beaver County Court of
: Common Pleas at No. CP-04-
: CR-0000913-2001 entered on
: December 15, 2021
:

## ORDER

**PER CURIAM**

    **AND NOW**, this 28th day of November, 2023, the Petition for Allowance of Appeal is **GRANTED**, the order of the Superior Court is **VACATED** in part, and the case is **REMANDED** to the Superior Court for its consideration of an outstanding claim. In affirming the PCRA court's order with respect to Petitioner Jamie M. Brown's ("Brown") *Brady* claim, due to his failure to provide a date certain for when he first learned of the existence of the *Brady* evidence, the Superior Court did so based on a defect not identified in the PCRA court's Pa.R.Crim.P. 907 notice. Thus, Brown was not afforded the opportunity to amend his petition to correct that defect as contemplated under Pa.R.Crim.P. 905.

    Rule 905 "indicates the desire of this Court to provide PCRA petitioners with a legitimate opportunity to present their claims to the PCRA court in a manner sufficient to avoid dismissal due to a correctable defect in claim pleading or presentation." *Commonwealth v. McGill*, 832 A.2d 1014, 1024 (Pa. 2003). Rule 905 states that when

"a petition for post-conviction collateral relief is defective as originally filed, the judge **shall** order amendment of the petition, indicate the nature of the defects, and specify the time within which an amended petition shall be filed."  Pa.R.Crim.P. 905(B) (emphasis added). The range of defects that Rule 905(B) contemplates includes

> petitions that are inadequate, insufficient, or irregular for any reason; for example, **petitions that lack particularity**; petitions that do not comply substantially with Rule 902; petitions that appear to be patently frivolous; **petitions that do not allege facts that would support relief**; petitions that raise issues the defendant did not preserve properly or were finally determined at prior proceedings.

Pa.R.Crim.P.905, Comment (emphasis added).

The Superior Court majority affirmed the PCRA court's order denying relief with respect to Brown's *Brady* claim solely on the grounds that he failed to include the date on which he learned of the existence of the at-issue *Brady* evidence—a statement by Anthony Dorsett implicating another culprit—during a conversation with Travon Dawkins. Brown's PCRA counsel subsequently obtained and then proffered Dorsett's statement in the petition under review.  Due to that defect, the majority determined that Brown failed to satisfy 42 Pa.C.S. § 9545(b)(2), which requires that any "petition invoking an exception" to the PCRA's timeliness requirements "shall be filed within one year of the date the claim could have been presented."  However, that defect was not the basis of the PCRA court's decision to deny the petition and was not identified in the PCRA court's Rule 907 notice. Consequently, the Superior Court erred insofar as it denied relief where Brown never had an opportunity to amend his petition to correct the defect.  *See Commonwealth v. Robinson*, 947 A.2d 710, 711 (Pa. 2008) (per curiam) (granting, vacating, and remanding to the PCRA court to allow Robinson the opportunity to amend his petition to correct a defect not cited in the PCRA court's Rule 907 notice).

Because the Superior Court failed to address the actual basis upon which the PCRA court denied relief with respect to that claim (the reasons provided in the PCRA court's Rule 907 notice), we grant Brown's petition for allowance of appeal, vacate the Superior Court's order solely with respect to its resolution of the *Brady* claim pertaining to Dorsett's statement, and remand to the Superior Court for it to address the PCRA court's reasons for ruling on that claim.  In the event the PCRA court's reasons are rejected, Petitioner shall be afforded an opportunity to amend his petition to address the defect identified by the Superior Court.  In all other respects, the Superior Court's order is affirmed.